IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI ADCOCK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2257-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vicki Adcock seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled due to a variety of conditions, including bipolar disorder, post-traumatic stress disorder, memory and concentration problems, osteoarthritis, obesity, and knee pain. After her application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on December 9, 2009. At the time of the hearing, plaintiff was 48 years old. She has a high school equivalency diploma and no past relevant work experience. Plaintiff has not engaged in substantial gainful activity since 1984.

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff suffered from all of her alleged mental and physical impairments, the judge concluded that the severity of those impairments did not meet or

equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform medium work with some non-exertional limitations. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a street cleaner, an industrial cleaner, and a maid -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two grounds for relief, plaintiff contends that: (1) the ALJ failed to apply the correct legal standard for determining "severity" at Step 2 of the sequential evaluation analysis; and (2) the judge should have relied on the opinion of an examining psychologist rather than the testimony of a non-examining expert.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107

S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ used the wrong legal standard in evaluating the severity of her alleged impairments. The applicable social security regulation provides:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. § 404.1520(c). Notwithstanding the plain language of this regulation, the Fifth Circuit has held that a literal application of section 404.1520(c) would exclude far more claimants than the

statute intended. *See Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000), *citing Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). As a result, "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101, *quoting Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984). If the ALJ does not set forth the correct standard by reference to *Stone* or by an express statement recognizing the proper construction of the regulation, the court must presume that an incorrect standard has been applied and remand the claim to the Commissioner for reconsideration. *See Loza*, 219 F.3d at 393; *Stone*, 752 F.2d at 1106; *Eisenbach v. Apfel*, No. 7-99-CV-186-BC, 2001 WL 1041806 at *6 (N.D. Tex. Aug. 29, 2001).

Although the ALJ mentioned *Stone*, it is apparent elsewhere in the hearing decision that the judge either misunderstood or misapplied the appropriate legal standard governing the threshold issue of severity. *See Neal v. Comm'r of Social Sec. Admin.*, No. 3-09-CV-0522-N, 2009 WL 3856662 at *1 (N.D. Tex. Nov. 16, 2009) ("Even though citation to *Stone* may be an indication that the ALJ applied the correct standard of severity, nowhere does *Stone* state that the ALJ's citation to *Stone*, without more, conclusively demonstrates that he applied the correct standard."). Using language found in section 404.1520(c), the ALJ defined a "severe impairment" as one that "significantly limits an individual's ability to perform basic work activities." (Tr. at 14). The judge went on to explain that an impairment is considered not severe "when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." (*Id.*, *citing* 20 C.F.R. § 416.921 and related social security rulings). Yet nowhere in his discussion of the applicable law did the ALJ acknowledge that the Fifth Circuit has rejected a literal application of the regulations. *See Jones v.*

*Astrue*, No. 3-11-CV-0107-BK, 2011 WL 4498872 at *7 (N.D. Tex. Sept. 28, 2011) (bald citations to social security regulations and rulings do not substitute as a proper construction of the *Stone* standard); *Garcia v. Astrue*, No. 3-08-CV-1881-BD, 2010 WL 304241 at *3 (N.D. Tex. Jan. 26, 2010) (same).

Later in the hearing decision, the ALJ specifically found that plaintiff's bipolar and post-traumatic stress disorders were severe impairments. (Tr. at 15). Regarding the other impairments alleged by plaintiff, the judge stated:

> The claimant is *somewhat limited* by non-severe impairments which are obesity; BMI 32, osteoarthritis, pain in her knees, concentration problem, memory loss and a history of drugs and alcohol abuse. However, the impact of these symptoms do not wholly compromise the claimant's ability to function independently, appropriately, and effectively on a sustained basis.

(*Id.*) (emphasis added). This reasoning does not reflect an application of *Stone*. To the contrary, the finding that plaintiff was "somewhat limited" by her other impairments suggests that one or more of them qualifies as "severe" under *Stone*. Certainly, the fact that these other impairments do not "wholly compromise" plaintiff's ability to function does not render them "non-severe." Thus, notwithstanding the citation to *Stone*, it appears that the ALJ actually applied a regulatory definition that has been rejected by the Fifth Circuit.

Moreover, the failure to apply the correct severity standard is a legal error, not a procedural error. *See Scroggins v. Astrue*, 598 F.Supp.2d 800, 806-07 (N.D. Tex. 2009). In the Fifth Circuit, courts have no discretion to determine whether such an error is harmless. *Id.* "Unless the correct standard is used, the claim *must* be remanded to the Secretary for reconsideration." *Stone*, 752 F.2d at 1106 (emphasis added); *see also Garcia*, 2010 WL 304241 at *4 (remand required where the ALJ cited to the *Stone*, but nonetheless applied incorrect standard); *Neal*, 2009 WL 3856662 at *1

(ambiguity as to whether proper legal standard was used in making severity determination must be resolved at the administrative level); *Brown v. Astrue*, No. 4-08-CV-155-A, 2009 WL 1402287 at *3-4 (N.D. Tex. May 18, 2009) (same).

## CONCLUSION

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

SO ORDERED.

DATED: November 14, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.